

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAM ALAN MILLS,

               Petitioner - Appellant,

   v.

BERNARD WARNER,

               Respondent - Appellee.

No. 14-35568

D.C. No. 2:13-cv-05140-JTR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted December 10, 2015[**]
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and LEFKOW,[***] Senior
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by designation.

Kam Alan Mills ("Mills") appeals the district court's denial of the ineffective assistance of counsel claim in his 28 U.S.C. § 2254 petition as procedurally defaulted. We granted Mills a limited certificate of appealability on "whether the district court properly ruled that [his] ineffective assistance of trial counsel claim is procedurally defaulted." We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of a habeas petition, *Lopez v. Schriro*, 491 F.3d 1029, 1036 (9th Cir. 2007), and we affirm.

A federal court generally cannot grant a habeas petition that has been procedurally defaulted in state court. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). To establish cause under *Martinez*, the petitioner must show that "(1) the underlying ineffective assistance of trial counsel claim is 'substantial'; (2) the petitioner was not represented or had ineffective counsel during the [post-conviction relief ('PCR')] proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding." *Dickens v.*

*Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (en banc) (citing *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

Only the first element is at issue. After reviewing the briefs and record, we conclude that because Mills does not have an ineffective assistance of trial counsel claim under *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (holding there is no ineffective assistance of trial counsel claim when a rejected plea, if accepted, would not result in a less severe judgment or sentence), he cannot show that "reasonable jurists could debate" whether his habeas petition should have been granted. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Accordingly, Mills does not have a "substantial" underlying ineffective assistance of trial counsel claim. *Martinez*, 132 S. Ct. at 1318.

**AFFIRMED.**